**UNITED STATES of America,**

v.

**Frank DEUTSCH and Alfred Embarrato,
Defendants.**

**Crim. No. 36473.**

United States District Court
E. D. New York.
May 14, 1957.

Morris K. Siegel, Brooklyn, N. Y., for defendant Embarrato.

Leonard P. Moore, U. S. Atty., by Marie L. McCann, Asst. U. S. Atty., Brooklyn, N. Y., in opposition.

RAYFIEL, District Judge.

The defendant is presently confined in the Federal Prison Camp at Allenwood, Pennsylvania, where he is serving the minimum mandatory sentence of five years, imposed upon him on June 8, 1955 as a second offender, for violation of the federal narcotics laws. On September 9, 1935 a judgment of conviction was entered against him following his plea of guilty to the first and third counts of an indictment charging him with conspiracy to sell and the sale of eight ounces of heroin. As a result of that conviction he was sentenced to imprisonment for a term of four years.

He has filed a petition for a writ of error *coram nobis*, vacating and setting aside the 1935 judgment of conviction on the ground that, in violation of his constitutional rights, he was not given or offered the assistance of counsel, although he had not waived his rights thereto.

The petition alleges that on August 28, 1935 he was arraigned under the aforementioned indictment, pleaded not guilty, and was directed to return on September 4th. On that day he withdrew his plea, entered a plea of guilty to the first and third counts of the indictment, and was remanded until September 9th, when Judge Byers sentenced him to imprisonment for four years on Count 3 of the indictment and suspended sentence on Count 1 thereof. The petition states, further, that at his arraignment the Court did not offer to assign counsel to him, nor did he waive his right thereto; that although not guilty of the charges contained in the indictment he entered a plea of guilty before Judge Byers on September 4, 1935 because "he had no funds with which to engage counsel and was too illiterate to defend himself"; that at the time sentence was imposed upon him he "had no counsel, no advice of counsel, nor was counsel assigned by the Court to represent him"; that he has completed the service of his sentence. Further, that on June 8, 1955, after his conviction for violation of the narcotics laws, he was sentenced, as a second offender, to imprisonment for a term of five years, the mandatory minimum sentence therefor; that, except for his illegal conviction and sentence in 1935, he would have been sentenced as a first offender, would probably have received a less severe sentence, and would have been eligible for probation or parole, which is denied to him as a second offender.

According to the petition the defendant was born in New York City on November 1, 1909,—the presentence report, however, indicates that he informed

the probation department that he was born in Italy and was naturalized in 1930—and attended elementary school, advancing to the completion of the seventh grade, when he left school to seek employment. At the time of his arrest he was 25 years of age, married, and the father of a son, four years of age.

A hearing on the petition, attended by the defendant, was held on March 18, 1957. He was represented by able and experienced counsel. Documentary evidence, consisting of docket entries and other records of this Court and its Probation Bureau, and of the Narcotic Service of the United States Treasury Department, was received. The defendant, among others, testified. Thereafter, on application of the Government, the hearing was re-opened for the introduction of further evidence.

The testimony of the defendant was unworthy of belief. Except for the vividness of his recollection that he had not had or been offered the advice and assistance of counsel, his testimony was vague, indefinite and uncertain. As to that, he is not supported by the evidence. John Scott, a deputy Clerk of this Court, testified that he had made a search of the files in his office and found the daily calendar for September 9, 1935, the date on which sentence had been imposed. The calendar was received in evidence as Government's Exhibit A. The typewritten names of the petitioner and his then co-defendant, among others, appeared on said calendar. Above the name of the petitioner appeared the name David Markowitz, written in pencil. Mr. Scott testified that he wrote the name on September 9, 1935, the date of the sentence, as that of the attorney who appeared in behalf of the petitioner. One David M. Markowitz, an attorney, testified that he did not appear as attorney for the petitioner, but at the hearing held on March 18, 1957 he stated that he had appeared in court in behalf of his father-in-law, who had furnished bail, or security therefor, for the petitioner. The record shows, however, that the petitioner, upon entering his plea of guilty, was *remanded* for sentence on September 9, 1935.

Petitioner's contention that he was illiterate and ignorant of the fact that he had the right to be represented by counsel is negatived by the following facts, among others:

1. He had been arrested on four previous occasions on the last of which he was represented by the late Caesar F. Barra, Esq., a lawyer of very extensive experience, who filed a notice of appearance in his behalf.

2. The presentence report submitted to Judge Byers, prior to the imposition of sentence, signed by the Head of the Probation Bureau of this Court, characterized the petitioner as "intelligent, bright and crafty."

3. Francis M. Verilli, Esq., an attorney of excellent repute, who represented the petitioner's father-in-law, wrote to the Probation Bureau in behalf of the petitioner.

4. After the imposition of sentence the law firm of Hartman, Sheridan, Tekulsky and Pecora, Esqs., applied for and obtained an extension of the term of the Court so that an application could be made for the reduction of the sentence.

The cases cited by the petitioner are inapposite. In each of said cases it was established that the defendant was *not* represented by counsel. I am satisfied that this petitioner *was*.

He has done nothing to assert his rights for some 22 years after his conviction. I am inclined to the belief that he was stimulated into the instant application by the mandatory minimum sentence recently imposed upon him.

Accordingly, the petition for a writ of error *coram nobis* is denied.