## McCONNELL v. RHAY, PENITENTIARY SUPERINTENDENT.

No. 87, Misc.   Decided October 14, 1968.*

*Michael H. Rosen* for petitioner in No. 458, Misc.

*John J. O'Connell*, Attorney General of Washington, and *Stephen C. Way*, Assistant Attorney General, for respondent in both cases.

PER CURIAM.

The sole issue presented by these cases is whether our decision in *Mempa* v. *Rhay*, 389 U. S. 128 (1967), should be applied retroactively.

The facts in both cases are quite similar to those in *Mempa*. Petitioner Jack D. McConnell pleaded guilty to two counts of grand larceny by check. At a hearing on December 23, 1965, he was placed on probation for five years upon condition that he serve one year in the county jail. He was released from jail the following April, but five months later the prosecuting attorney moved that the December 23 order be revoked, alleging that McConnell had violated the terms of his probation. Two hearings on the motion followed—one on September

---

*Together with No. 458, Misc., *Stiltner* v. *Rhay, Penitentiary Superintendent*, also on petition for writ of certiorari to the same court.

29, 1966, and the other on November 23, 1966. As a result of these hearings, McConnell was sentenced to two concurrent 15-year terms. At neither hearing was he represented by counsel or advised of his right to have counsel appointed.

Petitioner Douglas Stiltner pleaded guilty to burglary in the second degree and grand larceny, and on June 23, 1958, he was placed on probation and sentencing was deferred. As in McConnell's case, the prosecuting attorney later moved for revocation of this order. Hearings on December 30, 1958, and January 8, 1959, led to the imposition of two concurrent 15-year sentences. Stiltner was neither represented nor advised of his right to have counsel appointed. Although Stiltner was subsequently convicted of another offense and is serving a sentence for that crime, the Washington Supreme Court found that it had the power to fashion appropriate relief, were *Mempa* v. *Rhay* applicable.

In habeas corpus proceedings, the Washington Supreme Court properly found that both petitioners' Sixth Amendment rights were violated at their deferred sentencing hearings. That question was settled by our decision in *Mempa*. But the court denied relief in both cases, holding that *Mempa* should not be applied to cases in which probation and deferral or suspension of sentences had been revoked before November 13, 1967, the date upon which *Mempa* was decided. This was error.

This Court's decisions on a criminal defendant's right to counsel at trial, *Gideon* v. *Wainwright*, 372 U. S. 335 (1963); at certain arraignments, *Hamilton* v. *Alabama*, 368 U. S. 52 (1961); and on appeal, *Douglas* v. *California*, 372 U. S. 353 (1963), have been applied retroactively. The right to counsel at sentencing is no different. As in these other cases, the right being asserted relates to "the very integrity of the fact-finding process." *Linkletter* v. *Walker*, 381 U. S. 618, 639

4

(1965); cf. *Roberts* v. *Russell,* 392 U. S. 293 (1968). As we said in *Mempa,* "the necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent." 389 U. S., at 135. The right to counsel at sentencing must, therefore, be treated like the right to counsel at other stages of adjudication.

Certiorari and the motions to proceed *in forma pauperis* are granted in both cases, the judgments are reversed, and the cases are remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*