**Gerald Dixon FLETCHER, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. CA–5–449.**

United States District Court
N. D. Texas,
Lubbock Division.
March 20, 1969.

William F. Russell, Lubbock, Tex., for petitioner.

Allo B. Crow, Asst. Atty. Gen. of Texas, Austin, Tex., for respondent.

## ORDER

WOODWARD, District Judge.

On January 29, 1965, the petitioner, Gerald Dixon Fletcher, was convicted of the felony offense of burglary in Cause No. 7597 in the District Court of Lubbock County, Texas. Two prior felonies less than capital were alleged and proven for purposes of enhancement, and the petitioner was assessed a mandatory sentence of life imprisonment. One of the felony convictions used for enhancement was a 1957 conviction for felony theft; the other was a 1958 conviction for worthless checks.

On December 8, 1967, the petitioner filed his application for a writ of habeas corpus in this Court alleging the following grounds for relief:

(1) That he was denied effective assistance of counsel at the time of his 1965 trial in Cause No. 7597.

(2) That he was denied effective assistance of counsel at the time of his 1957 trial for felony theft, and that he was denied counsel at his probation revocation hearing.

(3) That he was denied effective assistance of counsel at his 1958 trial for worthless checks.

The petitioner has alleged that he was denied effective assistance of counsel in each instance because the State denied the ten days time to prepare for trial as was required by Art. 26.04 of the Vernon's Ann.Texas Code of Criminal Procedure (formerly Article 494). Furthermore, in support of his allegation concerning denial of counsel at the probation revocation hearing, the petitioner has alleged that he was "destitute and unable to secure counsel of his own choosing and * * * was forced to represent himself."

The petitioner's application and the respondent's answer indicate that no prior hearing has been held by the State courts on the grounds alleged by the petitioner although he has made previous application to the State courts pursuant to Art. 11.07 of the Texas Code of Criminal Procedure and such application has been denied by the trial court and by the Texas Court of Criminal Appeals.

The respondent has alleged that the petitioner's grounds for relief based upon ineffective counsel failed to raise a federal question because, as a matter of law, the denial by the State of the ten days time to prepare for trial is not, in and of itself, a denial of the petitioner's constitutional rights. Secondly, in response to the petitioner's allegation that he was denied counsel at his probation revocation hearing, the respondent asserts that the petitioner's application should be dismissed so that he may pursue his presently available State remedies.

Subsequent to the time the State courts last considered the petitioner's ground based upon denial of counsel at revocation of probation, the Supreme Court decided Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) and McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). These cases concerned the right to counsel at probation revocation hearings under the Washington State deferred sentencing procedure. Even more recently the Texas Court of Criminal Appeals decided Ex Parte Fuller, 435 S.W.2d 515 (1969) and Crawford v. State, 435 S.W.2d 148 (1968) which applied the holdings of *Mempa* and *McConnell* to the Texas probation revocation procedures.

■ The petitioner has alleged sufficient facts to bring himself under this series of cases, and it appears that an evidentiary hearing will be required to determine if the facts alleged by the petitioner are true; that is, whether he was not represented by counsel, whether he was indigent and unable to obtain counsel, whether he waived counsel, and whether such waiver, if any, was knowingly and understandingly made.

Since it appears that the petitioner may *now* be entitled to relief and an evidentiary hearing will be required, the respondent urges that this Court dismiss the petitioner's application without prejudice to his re-applying to the State courts for relief under the rationale of Boyer v. City of Orlando, 402 F.2d 966 (5 Cir. 1968); Irving v. Breazeale, 400 F.2d 231 (5 Cir. 1968); and Peters v. Rutledge, 397 F.2d 731 (5 Cir. 1968). The petitioner urges, on the other hand, that a dismissal here would be a matter of comity and would not be required as a matter of jurisdiction. Texas v. Payton, 390 F.2d 261 (5 Cir. 1968). Furthermore, the petitioner asserts that a petitioner should not be required to make repetitious applications to the State courts for relief when the outcome of such re-application is predetermined. Roberts v. LaVallee, 389 U.S. 40, 88 S. Ct. 194, 19 L.Ed.2d 41 (1967); Hill v. Beto, 390 F.2d 640 (5 Cir. 1968).

In the present posture of this case, the ultimate resolution and outcome is not predetermined. An evidentiary hearing will be required. A dismissal here would not prejudice the petitioner in any way. He may obtain a hearing in State court as swiftly as he can in this Court. Since the petitioner is presently serving a life sentence, there is no threat that his application will become moot before presentation to the State court. The petitioner has been represented by able and competent counsel who will undoubtedly press the petitioner's cause in State court without delay. Finally, dismissal here would put "responsibility for fact finding and determination directly and initially on the states, where it belongs * * *." Boyer v. City of Orlando, *supra*. After all the facts are determined, the Texas court may then apply the above law to the facts and render judgment accordingly.

Since this Court has determined that dismissal would be proper and the petitioner will therefore be able to obtain a hearing in State court, this Court will not decide or express an opinion on the merits of the petitioner's other alleged grounds for relief, but since an evidentiary hearing will be required in State court, the State court may want to again consider and determine the petitioner's grounds for relief based upon ineffective counsel at that time.

It is ordered that the petitioner's application for writ of habeas corpus is hearby dismissed without prejudice to the petitioner's re-application to the proper State court for relief, and the petitioner is remanded to the custody of the sheriff of Lubbock County, Texas, pending such application and hearing on same.