PEOPLE *v.* BROWN

CONSTITUTIONAL LAW—DUE PROCESS—ASSISTANCE OF COUNSEL—REV-
    OCATION OF PROBATION—SENTENCING.
    A convicted criminal who is on probation is entitled to be
        assisted by counsel, regardless of whether or not he can
        afford to hire his own attorney, at any hearing on revoca-
        tion of his probation that includes sentencing, and he must
        be so advised before he can be sentenced.

Appeal from Kent, Stuart Hoffius, J. Submitted
Division 3 May 12, 1969, at Detroit. (Docket No.
4,947.) Decided May 27, 1969.

Charles Sylvester Brown was convicted of larceny
in a building and placed on probation. Defendant's
probation was later revoked and he was sentenced to
prison. Defendant appeals. Reversed and re-
manded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Jack L. Winter* and *Rob-
ert J. Stephan,* Assistant Prosecuting Attorneys, for
the people.

*Charles Sylvester Brown, in propria persona.*

BEFORE: FITZGERALD, P. J., and LEVIN and
T. M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 568.

PER CURIAM. The defendant's probationary sentence was revoked at a hearing during which he was not offered or represented by counsel.

*Mempa* v. *Rhay* (1967), 389 US 128 (88 S Ct 254, 19 L Ed 2d 336) requires that the court advise one accused of probation violation of his right to be represented by counsel and, if indigent, to the appointment of assigned counsel if the violation hearing includes sentencing. That holding applies retroactively. *McConnell* v. *Rhay* (1968), 393 US 2 (89 S Ct 32, 21 L Ed 2d 2); *People* v. *Marshall* (1969), 16 Mich App 578.

The revocation of the defendant's probation and sentence to prison is set aside and the cause is remanded for a hearing on the probation violation charge at which the defendant shall be advised of his right to be represented by counsel and, if indigent, to the appointment of assigned counsel.