**UNITED STATES of America ex rel. Lawrence CONDON, Relator-Appellant,**

v.

**Daniel McMANN, Warden, Clinton Prison, Dannemora, New York, Respondent-Appellee.**

**No. 556, Docket 31882.**

United States Court of Appeals
Second Circuit.

Argued May 8, 1969.

Decided Oct. 17, 1969.

Gideon Cashman, New York City (Stephen F. Huff, New York City, of counsel), for appellant.

John G. Proudfit, Asst. Atty. Gen. of State of New York (Louis J. Lefkowitz, Atty. Gen. of the State of New York and Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for appellee.

Before MOORE, FRIENDLY and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Appellant, Lawrence Condon, was convicted in 1942, in County Court, Kings County, New York, on a plea of guilty to robbery in the second degree. He was sentenced by Judge Leibowitz to a 5–10 year term and was paroled after serving about four years. At the time of this conviction Condon was sixteen years of age.

In 1948 Condon was convicted in the same court on a plea of guilty to a new charge of robbery in the second degree; this crime was committed while he was on parole from the first sentence. On the basis of the 1942 conviction, Judge Leibowitz sentenced him as a second felony offender to a 25–30 year term. Later in 1948, in the Court of General Sessions, New York County, he was convicted on pleas of guilty to robbery in the first degree and attempted robbery in the first degree; these crimes were also committed while he was on parole. His 1942 conviction again formed the basis for sentencing him as a second felony offender and Judge Valente imposed a term of 15–30 years for each of the crimes. The two 15–30 year sentences run concurrently with each other and with his 25–30 year sentence. He is now serving these three 1948 sentences.

Appellant contends on this appeal that he was denied effective assistance of counsel at sentencing in 1942 and that this denial prejudiced him with respect to the 1948 sentences he is presently serving as a second felony offender.

Condon has brought numerous proceedings for relief on various grounds. The proceedings relevant to this appeal are set forth in the following paragraphs.

Appellant moved in 1952, in County Court, Kings County, to vacate his 1942 conviction. He contended that he had been inadequately represented by counsel with respect to his guilty plea and sentence. After holding a hearing, Judge Leibowitz denied the motion. Appellant moved for a rehearing on the ground that newly discovered evidence supported his claim of inadequate representation. This motion was also denied. The Appellate Division affirmed both orders without opinion, 282 App.Div. 722, 122 N.Y.S.2d 898 (1953) and the New York Court of Appeals denied leave to appeal.

Appellant applied for a writ of habeas corpus in the United States District Court for the Northern District of New York, raising the claims he had made in the state courts. The writ was denied without a hearing in 1955 on the ground that appellant had been afforded a full and fair hearing in the state courts and that their decision raised no constitutional issue. This court refused to grant a certificate of probable cause and dismissed the appeal from the order of denial for the reasons given by the district court.

In 1962 appellant moved in Supreme Court, Kings County, to vacate the 1948 judgment of conviction entered by Judge Leibowitz on the ground that the sen-

tence as a second felony offender was improper. The motion was denied without a hearing, the Appellate Division affirmed without opinion, 21 A.D.2d 754, 252 N.Y.S.2d 39 (1964) and the United States Supreme Court denied certiorari, 379 U.S. 936, 85 S.Ct. 338, 13 L.Ed.2d 347 (1964).

Apparently hoping to obtain a federal hearing on the ground that the 1952 state hearing did not meet the standards set forth in the then recent opinion in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), appellant in 1963 made a new application for a writ of habeas corpus in the district court where he had sought the writ in 1955. On the basis of its 1955 decision, the court denied the writ without holding a hearing and this court refused to issue a certificate of probable cause.

In 1966 appellant returned to the state courts, seeking a writ of error *coram nobis* in the Supreme Court, Kings County, on the ground, not previously the focus of his efforts for relief, that he was denied effective counsel at sentencing in 1942. Judge Leibowitz held a hearing, refused to credit Condon's testimony and denied the motion. The Appellate Division affirmed the order without opinion, 27 A.D.2d 990, 280 N.Y.S.2d 640 (1967), and the New York Court of Appeals denied leave to appeal.

Appellant then applied for a writ of habeas corpus to the United States District Court for the Eastern District of New York on the basis of this contention that he was not afforded adequate counsel at sentencing in 1942. He claimed that the denial prejudiced him with respect to the 1948 sentences as a second felony offender under which he is presently imprisoned. The court denied the writ without deciding whether counsel had been denied at sentencing. It held

that the 1942 conviction, regardless of the sentence imposed, made appellant subject to sentencing as a second felony offender in 1948 and that counsel's performance at sentencing in 1942 therefore did not prejudice him as to his 1948 sentences. The court granted a certificate of probable cause and this appeal was taken from the order denying the writ.

The law relating to appellant's claim of inadequate counsel at sentencing has changed significantly since he raised it in the federal courts in his 1955 habeas corpus application. Thus the claim is properly before us. See Sanders v. United States, 373 U.S. 1, 15–17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

I.

The right to counsel at sentencing was clearly established by Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and was made retroactive in McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968).

When appellant was brought before the court in 1942 for sentencing with his confederate, Farrell, he was sixteen years old. His assigned counsel who had represented him at his guilty plea was not present. The court assigned an attorney in the courtroom to represent Condon and sentencing followed immediately upon the assignment. The sentencing minutes reveal no consultation between appellant and his newly assigned counsel. The only statement counsel made to the court in appellant's behalf was "Condon has nothing to say." [1]

Courts ought to take special pains to protect the rights of the very young who are brought before them charged with crime. See United States ex rel. Codarre v. Gilligan, 363 F.2d 961 (2d Cir. 1966). On this record we must

---

1. The relevant portion of the sentencing minutes reads as follows:
"The Court: Your lawyers are not here. Are these assigned lawyers?
The Clerk: Yes; both assigned.
The Court: Mr. Aronson, would you mind representing Farrell? Mr. Kirby is assigned to represent Condon. (Mr.

Sidney L. Aronson and Henry F. Kirby assigned as indicated). (The defendants were called for sentence and asked the usual formal question).

Farrell: Nothing to say.
Mr. Kirby: Condon has nothing to say."

conclude that appellant did not have the effective assistance of counsel.

## II.

This conclusion concerning the representation of appellant at sentencing in 1942 requires us to determine whether he may now be prejudiced with respect to his 1948 sentences as a second felony offender.

■ We reject appellant's contention that if he had had effective counsel at sentencing, his plea might have been withdrawn. He makes no showing that he contemplated a request to withdraw the plea or that such a request might have been granted. As to his argument that effective counsel might have obtained a suspended sentence, it is only necessary to point out that appellant would nonetheless have been subject to sentencing as a second felony offender in 1948. Under Section 470–b of the New York Code of Criminal Procedure and Section 1941 of the New York Penal Code, McKinney's Consol.Laws, c. 40 as then in effect,[2] the prior felony conviction, rather than the prior sentence, provided the basis for sentencing as a second felony offender.

■ We find merit, however, in appellant's alternative claim that, even if he was subject to sentencing as a second felony offender in 1948, he is nonetheless prejudiced under his 1948 sentences by the denial of his right to counsel. He argues that this denial may have resulted in a longer sentence in 1942 and that a longer sentence would delay the date of beginning service of his 1948 sentences and increase the length of those sentences.

Under Section 219 of the Correction Law, McKinney's Consol.Laws, c. 43 in effect when appellant was sentenced in 1948,[3] a person who was convicted of a felony committed while on parole was required to serve the remainder of the maximum term under his first sentence, without credit for time on parole, before he could begin to serve his second sentence. Since appellant was paroled after serving only about four years of his 5–10 year first sentence, he was required to serve about six years of that sentence before he could start serving his 1948 sentences.[4] Therefore had that first sentence been shorter,[5] he would now be closer to completing service of his 1948 sentences. Appellant also argues that if his first sentence had been shorter, the judges sentencing him in 1948 might have imposed shorter sentences.

Since appellant is able to show that he was prejudiced by the 1942 violation of his right to counsel, he is entitled to be resentenced for the 1948 convictions. We therefore order that relator be freed unless within 90 days he is resentenced by the state courts.

Reversed and remanded.

MOORE, Circuit Judge (dissenting):

The relator-appellant Lawrence Condon (Condon) appeals from an order denying his petition for a writ of habeas corpus. He is presently incarcerated in a New York State prison, serving a sentence for the last of a series of crimes to which he pleaded guilty.

2. Law of May 6, 1918, ch. 467, § 1 [1918 Laws of N.Y. 1471–1472] ; Law of May 8, 1942, ch. 700, § 1 [1942 Laws of N.Y. 1583–1584].

3. Law of April 9, 1945, ch. 678, § 4 [1945 Laws of N.Y. 1461].

4. In 1954, Section 219 of the Correction Law was amended to provide that the board of parole could permit a prisoner, who had served five years of his first sentence, to serve the remainder of his first sentence concurrently with service of his second sentence. The law became effective on July 1, 1954. Law of April 7, 1954, ch. 518, § 1 [1954 Laws of N.Y. 1297]. There is nothing in the record before us to indicate that appellant benefited from this amendment.

5. Under Section 2127 of the Penal Law, as then in effect, there was no minimum sentence for robbery in the second degree. Law of May 17, 1892, ch. 662, § 9 [1892 Laws of N.Y. 1219].

Since Condon now focuses his argument upon the claim that he was inadequately represented by counsel at the time of his 1942 sentence—some 27 years ago—it would be well to base this decision on the actual facts before the sentencing judge on that occasion rather than hypothetical and speculative situations which he now presents.

In early 1942 Condon, then 16 years of age, and a codefendant, Farrell, 19 years of age, at gun point held up and robbed a storekeeper. They were indicted for the crimes of Robbery in the First Degree, Grand Larceny in the First Degree and Assault in the Second Degree. Condon was alleged to have been armed with a revolver.

Initially Condon and Farrell pleaded not guilty. Subsequently they pleaded guilty, Condon to Robbery in the Second Degree. Condon was represented by assigned counsel on pleading. Under the law, had Condon been convicted after trial of Robbery in the First Degree, he could have received an indeterminate term, the minimum of which would not have been less than ten years and the maximum not more than thirty years (New York Penal Law § 2125) and for Second Degree up to fifteen years (§ 2127).

On the day of sentence, the counsel assigned for pleading was not present and the judge assigned other counsel for purposes of sentence. Separate counsel were assigned for Condon and Farrell.

When called for sentence, the stenographic minutes disclose the fact that the judge was aware of Condon's age (16). The following colloquy is revealing:

"The Court: (to Condon): * * * You actually wielded the gun, didn't you?

"Condon: Yes, sir.

"The Court: Where did you get the gun?

"Condon: Bought it in a crap game.

* * * * * *

"The Court: You've been in for burglary, you've been in for stealing an automobile; you got probation, didn't you?

"Condon: Yes.

"The Court: After you were twice in trouble for crimes in the Children's Court, the third time you were charged with stealing an automobile and you were brought into the Adolescents' Court.

"Condon: That is right."

The judge then said, "You are only sixteen, but you have had the experience of a man of forty, in crime. The sentence of the Court is you go to Sing Sing for a period of five to ten years."

Despite the fact that Condon has tendered no proof that assigned counsel did not confer with him or that he objected to such an assignment, he now asserts (through his present assigned counsel's brief) that "Mr. Kirby [sentencing counsel] did not consult with appellant and offered nothing at sentencing."

1946 finds Condon released from incarceration but his propensity to crime apparently had not been radically altered and in 1948 he is again pleading guilty to Robbery in the Second Degree, Unarmed. The same judge imposed a sentence upon Condon on January 19, 1948 as a second felony offender, of twenty-five to thirty years.

It is this sentence which Condon now attacks as being predicated upon a second offender status and which he would now have declared invalid because of his claim of inadequate sentencing representation in 1942.

*Other Proceedings*

Condon's various State and Federal court proceedings are set forth in the majority opinion. Essentially factual determinations were made against Condon on the basis of lack of credibility.

*This Proceeding*

Rebuffed on credibility in the State courts, Condon brought this proceeding in the federal court in which he again attacks his sentencing representation. The requested writ of habeas corpus was denied.

*Condon's Present Arguments*

Unfortunately, Condon's present arguments are based almost entirely on unsupported hypotheses. Thus, he assumes that assigned counsel "without a single word to the appellant stated to the Court, 'Condon has nothing to say,' " and that this silence "could have been cured by the court had it chosen to solicit the remarks either of Mr. Kirby or the appellant as to those circumstances or factors which it might consider in mitigation of the appellant's punishment, * * *." But the transcript definitely shows that the judge did solicit remarks from Condon. If there was not a "solicitous attitude" on the part of the judge, it was because of Condon's ready admission under the judge's questioning that he had wielded the gun and had had a substantial juvenile record of crime. How in the face of admission of guilt he can now argue that some lawyer in 1942 could have persuaded the judge to have permitted him to withdraw his plea of guilty and to have given him a suspended sentence, is beyond belief. As it was, the judge must have taken youth into consideration because of the material reduction in sentence from the potential maximum.

Even more unrealistic is the argument that there is nothing in the minutes to show a conference between Condon and his counsel. Thus he states that the attorney did not address "a single word" to Condon. The majority say that "The sentencing minutes reveal no consultation between appellant and his newly assigned counsel," and from this fact draw the conclusion that there was no consultation—a complete *non sequitur.* Conferences between attorney and client have always been protected by the greatest secrecy and would scarcely be expected to have been recorded on a public record.

Absence of such a conference from the stenographer's transcript is no foundation for the factual assumption that assigned counsel did not fulfill his professional obligation to Court and Bar.

Amongst other hypotheses which Condon now conjures up are the thoughts that "effective counsel would arrange to confer with the defendant and review the facts and circumstances surrounding the case." Although there is no proof that this did not happen, the judge on the record did exactly this and Condon quickly enlightened the judge by his ready admissions of crime. Also Condon now thinks that he "forever lost [was] the opportunity to withdraw the plea of guilty." But had "effective counsel" been so successfully effective as to succeed and had the case gone to trial and conviction with a ten to thirty years' sentence imposed, Condon undoubtedly would be importuning a federal court to declare such representation to have been both inadequate and incompetent.

Based upon the inconceivable premise that Condon in 1942 would have received a suspended or a lighter sentence, Condon assumes the possibility of a lesser sentence for his concurrent 1948 sentences of 15–30, 15–30 and 25–30 years imposed in 1948. He, himself, supplies the answer to this argument by saying, "Concededly, this is pure conjecture, * *."

There is no need to comment on Condon's right to counsel argument. Of course he had that right and has had it throughout. But on an application for habeas corpus there must be some burden placed upon the applicant to supply a modicum of proof beyond surmise, conjecture and speculation. If "due process of law" be fundamental, Condon has certainly enjoyed its benefits (note the many hearings and appeals in the State courts). Condon's difficulty, if such it be, is not in lack of due process but in lack of credibility.

Thus, in the face of the fact that the record before us conclusively shows that Condon had counsel on sentencing, I cannot subscribe to the majority's statement

that Condon was prejudiced "by the denial of his right to counsel."

Second, if the majority intend to convey the thought that this counsel was incompetent, in view of Condon's self-confessed career of crime, what better advice than to say nothing.

Third, the assumption that "effective" counsel could have produced a shorter sentence is wholly unsupported by the record.

Finally, as the majority points out, "the prior felony conviction, rather than the prior sentence, provided the basis for sentencing as a second felony offender."

For these reasons, I would affirm the denial of the writ.