Pablo **PRADO**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 69 Civ. 2610.

United States District Court,
S. D. New York.

Feb. 19, 1970.

Pablo Prado, pro se.

Whitney North Seymour, Jr., U. S. Atty., S. D. New York, New York City, for the United States; John J. Kelleher, Asst. U. S. Atty., of counsel.

## OPINION

COOPER, District Judge.

Petitioner, Pablo Prado, pled guilty to illegal possession and sale of heroin in violation of 21 U.S.C. § 173 on May 2, 1968. On July 2, 1968 petitioner was sentenced as a second offender under 26 U.S.C. § 7237. Petitioner, pursuant to 28 U.S.C. § 2255, now seeks to set aside his prior conviction for illegally selling marihuana in July 1943, the conviction which served as the basis for his recidivist status.

Petitioner alleges two basic arguments in support of his request: (1) his plea of guilty was constitutionally defective, (2) the statute he was sentenced under has been held unconstitutional.

*Plea of Guilty*

On July 6, 1943, Prado was arrested for selling marihuana in violation of §

2591(a) of the Internal Revenue Code. He alleges that he was released on $500 bail the next day and informed that subsequent proceedings "were postponed to a later date;"[1] that while out on bail he was arrested on August 20, 1943 for assault; and that he was immediately "lodged in the 'tombs'" (the New York City jail) until sentencing (date not furnished); whereupon he was confined at Riker's Island for a term of 1 to 3 years "without being relinquished or returned for arraignments and pleadings * * *." Upon his release from Riker's Island on September 18, 1945, petitioner alleges that he appeared for the first time in federal court[2] where the following colloquy occurred:[3]

> MR. TAYLOR (Government): This man was brought from the penitentiary on Riker's Island having served 22 months.
>
> THE COURT: Have you a lawyer?
>
> THE DEFENDANT: No, Sir.
>
> THE COURT: Has there been a plea entered?
>
> THE CLERK: He had an attorney in 1943, on September 8, 1943, and a bench warrant was issued, but I suppose he was in jail.
>
> MR. TAYLOR: He has already pleaded guilty.

■ This exchange in 1945, at the time of petitioner's sentence, is the heart of his first claim. He insists that in fact he had never plead guilty and that the Government misrepresented this fact in an effort to "enter a guilty plea for the record." He further asserts that this plea entered for him without his knowledge or consent consequently was not voluntary, was without the assistance of counsel and understanding on his part of the nature and consequences thereof.

We note at the outset the substantial delay of 25 years in petitioner's asser-

tion of this claim and the fact that it is pressed only after a second conviction with the consequent motive of avoiding his more recent sentence as a multiple offender. United States v. Forlano, 319 F.2d 617, 620 (2d Cir. 1963); Pasley v. Overholser, 108 U.S.App.D.C. 332, 282 F.2d 494 (1960); United States v. Deutsch, 151 F.Supp. 160 (E.D.N.Y.), aff'd sub nom. United States v. Embarrato, 253 F.2d 947 (2d Cir. 1958).

The records of this Court belie the merits of petitioner's claim. While there was no stenographic recording of the minutes of criminal motion term in 1943—a fact recently learned by petitioner and on which he relies heavily—it was our practice to duly record all that transpired there on the cover sheet of each indictment. On the back of petitioner's indictment [docket no. C 115-137] the following entry appears:

> "AUG 18 1943" [stamped]
> "Pleads Guilty" [stamped]
> "Sentence 8/30/43 Bail cont'd" [handwritten]
> "Probation report ordered (atty present)" [handwritten]

Following this entry appears the initials of the judge then presiding in criminal motion part. Further, the correctness of this entry is supported by this Court's official docket sheet which recites the taking of the plea in the presence of an attorney. Finally, a notice of appearance was filed by an attorney (Sol W. Cohen, 110 East 42nd Street, New York, N.Y.) in behalf of petitioner on July 14, 1943; and this attorney was informed by letter from the United States Attorney's office on August 10, 1943 that Prado's plea would be taken on August 17, 1943, which was adjourned on the 17th to August 18, 1943.

Thus it clearly appears that petitioner did in fact plead guilty with counsel present prior to his sentencing on September 18, 1945.

---

1. On August 10, 1943, petitioner was indicted for this sale of marihuana.

2. A bench warrant was issued for petitioner's arrest on September 8, 1943.

3. See minutes, United States v. Prado, September 18, 1945, pg. 1.

■ Petitioner presses the point that his sentencing in 1945 was improper because he was denied right to counsel. The right to counsel at sentencing was clearly established by Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and was made retroactive in McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). Here again petitioner fails, for the entries on both the cover sheet of the indictment and docket sheet state:

"Sept 18, 1945" [printed]

"Does not request Atty to be present for sentence" [handwritten]

Further, in response to the Court's questioning of petitioner whether he "wish-[ed] your attorney to be present or not?", Prado responded, "No, your Honor."

We need not consider whether this waiver of counsel was knowing and intelligent;[4] even assuming arguendo that petitioner was denied right to counsel at the sentencing on September 18, 1945, it would have no effect on overturning his second offender status. In United States ex rel. Condon v. McMann, this Circuit held:

"We reject appellant's contention that if he had had effective counsel at sentencing, his plea might have been withdrawn. He makes no showing that he contemplated a request to withdraw the plea or that such a request might have been granted. As to his argument that effective counsel might have obtained a suspended sentence, it is only necessary to point out that appellant would nonetheless have been subject to sentencing as a second felony offender in 1948. Under Section 470–b of the New York Code of Criminal Procedure and Section 1941 of the New York Penal Code * * * the prior felony conviction, rather than the prior sentence, provided the

basis for sentencing as a second felony offender." 417 F.2d 664, 667 (1969).

As in *Condon*, petitioner's sentencing as a second offender under 26 U.S.C. § 7237(c) refers to previous convictions by plea or trial and not to sentence. He presents no evidence that he would have sought to withdraw his plea if he had counsel (even without counsel he was given a suspended sentence).

We are convinced that petitioner's conviction by plea on August 18, 1943 was valid and provided a proper foundation for second offender sentencing. Cf. McKinney v. United States, 93 U.S.App. D.C. 222, 208 F.2d 844 (1953); United States v. Tribote, 297 F.2d 598, 603 (2d Cir. 1961) (unlike Tribote, Prado received only a suspended sentence).

### Validity of Statute

■ Petitioner's second contention is that the statutory section under which he was convicted in 1943, 26 U.S.C. § 2591(a), has been held unconstitutional in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). Suffice it to say that *Leary* considered 26 U.S.C. § 4744 (formerly 26 U.S.C. § 2593), a section dealing with purchasers of marihuana. Petitioner's conviction, however, was under § 2591(a) (now 26 U.S.C. § 4742) which is a prohibition relating to sellers of marihuana. Petitioner's attempt to extend the *Leary* rationale to include a finding that conviction of a seller under § 4742 is violative of 5th Amendment rights has been rejected by this Circuit, United States v. Buie, 407 F.2d 905 (1969), and the Supreme Court, Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283.

Accordingly, petitioner's application to set aside his 1943 conviction by plea and to nullify his sentence as a second offender is denied in all respects.

---

4. Petitioner has offered no factual evidence to support a finding that this "waiver" of counsel was constitutionally, defective.