**Don BARBER, Appellant,**

v.

**Louis S. NELSON, Warden, San Quentin State Prison, Appellee.**

**No. 26046.**

United States Court of Appeals,
Ninth Circuit.

Nov. 10, 1971.

---

David E. Pesonen (appeared), of Garry, Dreyfus, McTernan & Brotsky, San Francisco, Cal., for appellant.

Gary Garfinkle, Deputy Atty. Gen. (appeared), Evelle J. Younger, Cal. Atty. Gen., Gloria Dehart, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before HAMLEY, BROWNING and WRIGHT, Circuit Judges.

HAMLEY, Circuit Judge:

Don Barber, a parolee from the California State Prison at San Quentin, applied to the district court for a writ of habeas corpus. He alleged that he was entitled to such relief because at the time of his initial sentencing by the Superior Court of the State of California in and for the City and County of San Francisco, he was deprived of effective assistance of counsel. The district court, after an evidentiary hearing, denied the application. Barber appeals.

On July 13, 1966, Barber pleaded guilty in the state court to a charge of violating California Penal Code § 203 (mayhem). He was represented at that time by Assistant Public Defender Frederick Smith. On August 5, 1966, while Barber was again represented by Smith, he was placed on five years probation, conditioned upon, among other things, restitution to his victim. The imposition of sentence was suspended (California Penal Code § 1203.1). In 1967, the San Francisco County Probation Department filed a motion in the state court to revoke probation. The ground for the motion, as indicated by the probation report, was that Barber had not fulfilled the probation condition that he make restitution.

A hearing on this motion was held on July 20, 1967. Barber was present for this hearing but Assistant Public Defender Frederick Smith was not. After the hearing had been in progress for a short time, Assistant Public Defender Cyril Weeks made his presence known by inquiring if the basis for seeking revocation was a new charge that the defendant had assaulted his wife. Up to that time Barber had never met Weeks nor had he conferred with any lawyer concerning the hearing then in progress. The first and only opportunity Barber had to confer with Weeks was while Barber's wife was testifying at the revocation hearing.

The only information Weeks had about the motion to revoke probation, in advance of the hearing, was supplied by the probation officer. This information was to the effect that revocation was being sought because Barber had failed to make restitution. Yet, as it turned out, the principal ground for revocation pressed at the hearing was Barber's alleged beating of his wife since imposition of probation and suspension of sentence. Weeks knew nothing about the asserted beating before appearing at the hearing and Barber had no notice that such conduct would be relied upon as a ground for revocation of sentence.

At the conclusion of the July 20, 1967 hearing, the state court revoked Barber's probation and inquired if there was any legal cause why sentence should not then be pronounced. Weeks replied, "I have none, Your Honor," and did not ask for a continuance. The court thereupon sentenced Barber to state prison "as prescribed by law." The effect of this pronouncement was to sentence Barber to an indeterminate term of six months to fourteen years. California Penal Code

§§ 204, 18b. Barber is presently on parole from this sentence.

■ Barber contends that when proceedings to revoke probation are, as here, combined with immediate imposition of the initial sentence, the defendant is entitled, under the Sixth Amendment, to effective assistance of counsel at the combined revocation and sentencing proceedings. Appellee warden, on the other hand, argues that there is no right to counsel at the revocation proceedings, but concedes that there is such a right at the immediately following sentencing hearing.

We agree with Barber that, in a case in which no sentence had been imposed at the time probation was granted, there is a federal constitutional right to assistance of counsel at the later proceeding to revoke probation and impose an initial sentence. Counsel must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing. Mempa v. Rhay, 389 U.S. 128, 137, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). *See* McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968).

■ The warden insists, however, that even if Barber had a right to assistance of counsel at the July 20, 1967 proceeding, the right was not denied. Appellee argues that the participation of Assistant Public Defender Weeks in the proceeding was sufficient to fulfill the constitutional requirement. We disagree.

■ The assistance of counsel required by the Sixth and Fourteenth Amendments must be effective assistance. Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377 (1969). When it is asserted that lack of time for counsel to prepare rendered his assistance ineffective, it is necessary first to ascertain how much time he had to prepare. Where counsel is given any time to prepare, the question of whether the time was adequate to make effective assistance possible is one of fact. But if no time to prepare is available to counsel, his assistance is ineffective as a matter of law. Joseph v. United States, 321 F.2d 710, 712 (9th Cir. 1963).

In our view, the circumstances of this case show that attorney Weeks had no time to prepare for the combined revocation and sentencing proceedings. He came to the hearing with no knowledge of the case save the misinformation from the probation officer that revocation would be sought because of Barber's failure to make restitution. But the revocation hearing took an entirely different turn, as described above. Weeks had never met Barber and had no consultation with him except for brief exchanges while Mrs. Barber was testifying.

Mempa v. Rhay, *supra,* teaches that the right to effective assistance of counsel at such proceedings is not undermined by the fact that the judge's sentencing discretion is substantially circumscribed by statute. Furthermore, while Weeks, the Assistant Public Defender, could have asked for a continuance of the sentencing proceedings, we are not inclined to penalize Barber for such failure. Weeks' failure to request a continuance may well have been due to his almost total unfamiliarity with the case and, thus, his failure to consider the possibility that a delay might enable him to make a worthwhile presentation on Barber's behalf at the hearing.

Reversed and remanded with directions to grant the state a reasonable opportunity to institute new revocation of probation and sentencing proceedings at which Barber may have effective assistance of counsel, failing which the writ shall issue.