STATE OF NEBRASKA, APPELLEE, V. BARON WALKER, APPELLANT.

201 N. W. 2d 250

Filed October 13, 1972. No. 38386.

Baron Walker, pro se.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

Per curiam.

The defendant was charged with escape from legal custody. He was advised of all his constitutional rights. The court offered the assistance of counsel at least six times and at least six times the defendant refused, in words clearly indicating that he was irritated with the advice, for example: "Damn, I told you * * * I don't want one."

He pleaded guilty and was sentenced to 5 to 7 years in the Nebraska Penal and Correctional Complex. He responded, "Hell, no," when the court asked him before sentencing if he had any regrets or remorse for the crimes he had committed. At the conclusion of the proceedings, he threatened the trial judge, and spit in the direction of the bench, the court, and the court reporter.

The only issue the defendant raises on this appeal is that his sentence was excessive. Section 28-736, R. R. S. 1943, provides a penalty of not less than 1 nor more than 10 years for escape from legal custody.

The sentence of 5 to 7 years in the Nebraska Penal and Correctional Complex is not excessive. The judgment is affirmed.

Affirmed.

Smith, J., dubitante.

It is not clear whether defendant, Baron Walker, an indigent, desires counsel to prosecute his appeal. His waivers of the right to assistance of counsel in district court occurred prior to pronouncement of sentence. In district court no one mentioned judicial review. Walker appeals pro se in forma pauperis without requesting counsel.

Several possibilities exist: (1) Waiver of the right on appeal occurred in district court, but the record fails to reflect it; (2) a waiver in district court automatically carries through an appeal; (3) Walker's proceeding on appeal constitutes a constructive waiver; and (4) a recent statutory provision does not cover the situation.

See Laws 1972, L. B. 1463, pp. 1295 to 1299.

Walker's situation is odd in light of general constitutional principles, extrajudicial standards, and a federal rule of criminal procedure.

An accused possesses a constitutional right to the assistance of counsel at the sentencing hearing. Mempa v. Rhay, 389 U. S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967). The right affects the very integrity of the fact-finding process. McConnell v. Rhay, 393 U. S. 2, 89 S. Ct. 32, 21 L. Ed. 2d.2 (1968). Where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, an unconstitutional line has been drawn between rich and poor. Douglas v. California, 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963). If assistance of counsel is a constitutional requisite, the right does not depend on a request. Swenson v. Bosler, 386 U. S. 258, 87 S. Ct. 996, 18 L. Ed. 2d 33 (1967). If error violative of the constitutional right exists, Walker will eventually obtain relief in a process that is slow. See, §§ 29-3001 to 29-3004, R. S. Supp., 1969; Title 28 U. S. C. A., § 2254 (1971).

The American Bar Association has said: "It is appropriate for courts imposing sentence in contested cases to assume the burden of advising the defendant that he has the right of review . . . and that he should promptly consult counsel in that regard." A. B. A. Standards Relating to Criminal Appeals, § 2.1, pp. 9 and 41 (App. Dr., 1970). "Defendants should be neither induced to take appeals nor deterred from appealing by systematized factors unrelated to the probable outcome of their appeals." Id. § 2.3, pp. 10 and 52.

The federal rule reads: "After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis." F. C. A. (1972 Supp.), Rule 32 (a) (2). The Advisory Committee rejected inclusion of defendants

who plead guilty. The Committee was perturbed by images of confused defendants, false hopes, and frivolous appeals. Its opinion has been criticized trenchantly. 8A Moore's Federal Practice (2d Ed.), § 36.06, n. 5.2, p. 32-86.

The proposition that the State has not violated Walker's right to counsel on appeal may ring true, or dissonance may linger. I am in doubt.