Anthony Earl **WRONE**, Appellant-
Petitioner,

v.

Park J. **ANDERSON**, Warden, Oklahoma
State Penitentiary, McAlester, Okla-
homa, Appellee-Respondent.

No. 72–1386.

United States Court of Appeals,
Tenth Circuit.

April 30, 1973.

George J. Duckworth, Denver, Colo.,
for appellant-petitioner.

Paul Crowe, Asst. Atty. Gen. (Larry
Derryberry, Atty. Gen., of Okl., on the
brief), for appellee-respondent.

Before SETH, McWILLIAMS and
BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

Wrone, presently an inmate in the
Oklahoma State Penitentiary, brought
an action under 28 U.S.C. § 2254 in the
United States District Court for the
Northern District of Oklahoma against
Park J. Anderson, the Warden of the
state penitentiary. Based on the allega-
tions in Wrone's petition, the trial court
directed that an order to show cause be
served on the respondent, and in due
time the Attorney General of Oklahoma
filed a response on behalf of the War-
den. Based on such response and the
exhibits attached thereto, the trial court
denied the relief prayed for on the
ground that there existed no federal con-
stitutional question and dismissed the
action. Wrone now appeals. We af-
firm.

Though the trial court held no eviden-
tiary hearing, the essential facts are in
nowise in dispute. On January 10, 1961,
Wrone pleaded guilty to an Oklahoma
state charge of larceny of narcotic drugs
and was sentenced to a term of five
years in the state penitentiary. The
sentence thus imposed was suspended
during good behavior under the provi-
sions of 22 O.S. § 991.

On April 19, 1964, Wrone was indicted
by a federal grand jury in the Western
District of Oklahoma for a drug viola-
tion. Thereupon, and prior to his subse-
quent conviction in the federal court, ap-
plication was made by the county attor-
ney, in the state court where Wrone had
previously received the suspended sen-
tence, to revoke the suspended sentence,
the application to revoke reciting that
Wrone had been thus indicted and addi-
tionally that during the month of April
1964 had been observed by federal
agents in the company of known crimi-
nals and persons using narcotics. This
application to revoke was granted on
June 25, 1964, without hearing, as such,
with Wrone not being present and not
having been previously served with any
notice of proposed hearing.

As indicated, as of the time when
Wrone's suspended sentence was re-

voked, Wrone was in the custody of the federal authorities. Thereafter, he was convicted in the federal court and served a term in a federal penitentiary. A state detainer was placed on Wrone at the federal institution wherein he was then confined, and when he was thereafter released from the federal penitentiary on August 17, 1970, he was turned over to the Oklahoma authorities who placed him in the Oklahoma state penitentiary to begin serving the five year sentence above referred to.

On June 15, 1968, Wrone, while in federal custody, appealed the revocation of his suspended sentence, which appeal was denied by the Oklahoma Court of Criminal Appeals on January 29, 1969. Thereafter, Wrone sought state habeas corpus relief which, after hearing, was denied again by the Oklahoma Court of Criminal Appeals. Wrone v. Page, 481 P.2d 479 (Okl.Cr.App.1971). It was in this setting that Wrone turned to the federal courts for relief. As indicated, his action was dismissed by the trial court and Wrone now appeals that order of dismissal.

By way of additional background, 22 O.S. § 992, which was in effect at the time Wrone's suspended sentence was revoked, permitted a more or less summary revocation of a suspended sentence with no requirement that the defendant be personally present in court. That statute has since been repealed and was replaced by that which now appears as 22 O.S. § 991b, the latter statute providing for a hearing when application is made to revoke a suspended sentence. However, in Wrone v. Page, *supra,* it was held by the Oklahoma Court of Criminal Appeals that the procedural statute in effect in 1964, when Wrone's suspended sentence was revoked, was controlling, rather than the subsequently enacted statute, which was held not to be given retroactive effect.

In this court Wrone argues that the revocation of his suspended sentence, without hearing and without notice to him so as to permit him to appear with counsel and contest the application by the county attorney to revoke, was unconstitutional under the provisions of the Sixth Amendment as applied to the states through the Fourteenth Amendment. In thus arguing, counsel relies primarily upon Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). In *Mempa,* it was held that the Constitution did require that counsel be afforded a defendant previously convicted of a felony in a state post-trial proceeding for revocation of his probation and the imposition of a sentence which had been previously deferred. In *McConnell,* it was held that the rule of *Mempa* should be given retroactive application.

We deem *Mempa* and *McConnell* to be inapplicable to the present controversy. Those cases were concerned with defendants who had not been sentenced, as such, but placed on probation. The rationale of those cases was that the imposition of a sentence was a critical stage in any criminal proceeding and as such was subject to the Sixth Amendment as applied to the several states through the due process clause of the Fourteenth Amendment.

Though the revocation of Wrone's suspended sentence may bear some resemblance to the revocation of Mempa's probation, there is one very important difference between the facts in the instant case and those in *Mempa.* In the instant case, sentence was in fact imposed on Wrone and the sentence thus imposed was thereafter suspended, conditioned on good behavior. In *Mempa,* pursuant to statute sentence was deferred at the time the defendant was placed on probation, and the hearing at which it was held that Mempa had a right to counsel was one where probation was revoked and sentence imposed. In our view, the revocation of the suspended sentence imposed on Wrone is not governed by *Mempa* and *McConnell.* Rather, the suspended sentence here involved is more akin to parole, than probation, for the reason that in the case of a parolee a

sentence has already been previously imposed, and similarly a sentence, though suspended, was imposed against Wrone some three years prior to its revocation. Accordingly, we deem the instant case to be governed by the case law relating to parole, rather than the case law relating to probation. In this particular regard we have heretofore held in Earnest v. Willingham, 406 F.2d 681 (10th Cir. 1969), that *Mempa* dealt with probation, and did not apply to a parole revocation.

We have previously held that a parolee, i. e., one who has been sentenced and later released on parole, whose parole is about to be revoked, is entitled under the Constitution to be afforded a hearing when his parole is in jeopardy, to be personally present at such hearing, to be informed in advance of the charges, and the like. Alverez v. Turner, 422 F.2d 214 (10th Cir. 1970), cert. denied sub nom. McDorman v. Turner, 399 U.S. 916, 90 S.Ct. 2221, 26 L.Ed.2d 574 (1970). Subsequent to *Alverez,* the Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), also held that under the Constitution a parolee is entitled to at least an informal hearing to give assurance that the finding of a parole violation is based on facts, though a parolee is not entitled to the full panoply of rights due a defendant in a criminal proceeding.

So, then, even though Wrone's status be akin to that of a parolee, under *Alverez,* as well as *Morrissey,* of course, Wrone would still be entitled to at least an informal hearing before his suspended sentence could be revoked, *if* the rule of *Alverez* and *Morrissey* is given retroactive application. In this regard we find nothing in *Morrissey* to indicate that the rule of *Morrissey* is to be given retroactive effect. However, we have specifically held that our pronouncement in *Alverez* is not to be retroactively applied. Murray v. Page, 429 F.2d 1359 (10th Cir. 1970), cert. denied, 402 U.S. 934, 91 S.Ct. 1530, 28 L.Ed.2d 869 (1971).

In *Murray,* we recognized that the Oklahoma courts had declined to give retroactive effect to the statutory change whereby a parolee was thereafter to be afforded a hearing before the parole was revoked and held that such afforded the petitioner no right to federal relief. Similarly, in that case we declined, in effect, to give retroactive effect to our holding in *Alverez.* Accordingly, then, the summary revocation of Wrone's suspended sentence in 1964 in the Oklahoma state courts was in accord with the Oklahoma statutes then in effect, and under *Murray,* our pronouncement in *Alverez* would not in anywise affect the validity of the revocation of Wrone's suspended sentence.

We recognize that in a sense the instant case is somewhat academic in nature. Wrone's sentence was suspended on good behavior, and the statute then in effect permitted a revocation thereof if the "person so released has been guilty of a violation of any law after his release * * *." It is true that in the instant case Wrone's suspended sentence in the state court was revoked *before* he was subsequently convicted in federal court. It is equally true that Wrone was in fact convicted in federal court subsequent to the imposition of a suspended sentence in the state court. This is not in dispute. So, if Wrone had prevailed in this court he would not be entitled to release. Rather, the matter would merely be remanded to the trial court with direction that it afford the state court opportunity to hold a hearing on the application to revoke Wrone's suspended sentence. And at such hearing the only issue would be whether Wrone in fact suffered a federal conviction subsequent to the imposition of his suspended sentence, for such subsequent conviction, if true, is without doubt sufficient grounds to revoke a suspended sentence. That Wrone suffered such subsequent conviction is admitted. It is for this reason that we say the controversy in the present case is more imaginary than real.

Judgment affirmed.