Jerome HASLEY

v.

**W. J. ESTELLE, Jr.**

**Civ. A. No. 75–H–315.**

United States District Court,
S. D. Texas,
Houston Division.

Jan. 21, 1977.

Nancy Hormachea, Houston, Tex., for petitioner.

Herman I. Little, Asst. Atty. Gen., Austin, Tex., for respondent.

1. Petitioner's claims, based on a certain stipulation and the admission of certain evidence at his 1968 trial, do not raise issues of such constitutional magnitude as would warrant federal habeas corpus relief. Petitioner's claim of inef-

MEMORANDUM AND OPINION

SINGLETON, District Judge.

Petitioner was convicted of burglary of a motor vehicle in Lubbock County, Texas, on November 18, 1958, and received a three (3) year probated sentence. In 1959 and again in 1960, a revocation of probation hearing was conducted. As a result of the hearing on February 16, 1960, the petitioner's probation was revoked and he was sentenced to serve three (3) years in the Texas Department of Corrections. Petitioner was subsequently convicted of felony theft in Bexar County, Texas, in 1963 and was sentenced to serve three (3) years. In 1968, the petitioner was found guilty of theft by a jury and received a mandatory life sentence under the former Texas enhancement statute, art. 63, Vernon's Texas Penal Code of 1925.

In this petition for a writ of habeas corpus, Mr. Hasley argues that the mandatory life sentence he is now serving is constitutionally invalid because it was enhanced by proof of the 1958 conviction which became final only after his probation was revoked at a hearing in which he was denied counsel in violation of the sixth amendment.[1]

■ It is clear that the sixth amendment right to counsel applies to revocation of probation hearings. *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1968); *McConnell v. Rhay,* 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). These hearings take on added importance in Texas because in determining the finality of convictions, the Texas courts have held that a probated or suspended sentence prevents the conviction from being final for purposes of enhancement. *See Davis v. Estelle,* 529 F.2d 437 (5th Cir. 1976), and the cases cited therein. Therefore, if Mr. Hasley's probation had not been revoked in 1960, he could not have received the mandatory life sentence in 1968.

fective assistance of counsel during his 1968 trial is not supported by any evidence introduced at the hearing conducted by this court on November 3, 1976.

■ It is undisputed that Mr. Hasley was not represented by counsel at the February 16, 1960, hearing at which his probation was revoked. The evidence at the hearing, conducted by this court on November 3, 1976, indicates that Mr. Hasley's financial condition would not have allowed him to employ an attorney in 1960. Furthermore, his undisputed testimony is that he did not know he could have had counsel appointed. This court, therefore, finds that during the 1960 hearing to revoke his probation, Mr. Hasley was denied his rights under the sixth amendment.

In 1968, then, the constitutionally infirm probation proceeding had the direct and unquestionable effect of sentencing Mr. Hasley to a longer term than he otherwise might have been given. In such a case, it becomes the responsibility of this court, to the extent possible, to rectify the error. *See Gill v. Estelle,* 530 F.2d 1152 (5th Cir. 1976). Of course, it is impossible now to be certain of the result of the 1960 hearing if Mr. Hasley had been represented by an attorney. However, this court believes that Mr. Hasley's continuance on probation was not such a remote possibility as would render the error harmless or this court's conclusion mere speculation. *See Davis v. Estelle, supra.* There is no doubt that the assistance of counsel at such a vital stage of the criminal justice process would have been a valuable aid which cannot now be ignored.

Accordingly, because Mr. Hasley was improperly sentenced to a mandatory life sentence under the enhancement statute, this court is of the opinion that the petitioner's petition for a writ of habeas corpus should be granted and the State of Texas should institute resentencing proceedings in which Mr. Hasley's 1958 conviction should not be considered. *See Craig v. Beto,* 458 F.2d 1131, 1136 (5th Cir. 1972).

This constitutes Findings of Fact and Conclusions of Law. A Final Judgment and Order effectuating this Memorandum and Opinion is filed contemporaneously herewith.