**Simon R. NCHE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 85–32.**

District of Columbia Court of Appeals.

Submitted Feb. 12, 1987.
Decided May 22, 1987.

---

**24**

Elizabeth Anderson, appointed by this Court, was on the brief for appellant.

Joseph E. diGenova, U.S. Atty., Washington, D.C., with whom Michael W. Farrell, Michael B. Hull and James R. Costello, Jr., Asst. U.S. Attys., were on the brief, for appellee.

Before NEWMAN, ROGERS and STEADMAN, Associate Judges.

PER CURIAM:

In this appeal from his conviction of solicitation of prostitution, D.C.Code § 22–2701 (1986 Supp.), appellant contends there was insufficient evidence to prove that he had any money on him. We affirm.

[■] To obtain a conviction for soliciting prostitution the government must prove that a defendant "(1) invited, enticed, or persuaded ... (2) a person age 16 or over (3) for the purpose of engaging, agreeing to engage, or offering to engage in sexual acts or contacts with that person (4) in return for a fee." *Graves v. United States*, 515 A.2d 1136, 1145 (D.C.1986). *See also* D.C.Code §§ 22–2701 and 22–2701.1(1). The actual ability to pay is not an element of the crime. The crime is completed by agreeing to engage or offer-ing to engage in sex for money or other material gain,[1] and does not require proof of the additional fact that one can actually produce the agreed upon payment.

[■] Even if the government had been required to prove appellant could pay at the time of the solicitation, the evidence was clearly sufficient. *See McClain v. United States*, 460 A.2d 562, 567 (D.C. 1983). An undercover officer testified that after being waved over by appellant to his car, she was asked by appellant if she was dating. When she replied, "Are you?", appellant said "Yes," and that he wanted a "fuck." The officer asked "For what?" and appellant responded "Twenty dollars." Appellant testified that he was in the area for several reasons, including to purchase a toy for his son, and admitted having his checkbook with him at the time. The trial court found that appellant presented himself as able to make a purchase that night and hence there was nothing preventing him from obtaining money. The credibility of the witnesses and the inferences to be drawn from their testimony are to be determined by the trier of fact whose determination cannot be disturbed unless plainly wrong or without evidence to support it. D.C.Code § 17–305(a) (1981); *see Eissa v. United States*, 485 A.2d 610, 611 (D.C. 1984), *cert. denied*, —— U.S. ——, 106 S.Ct. 544, 88 L.Ed.2d 474 (1985). *See also Dyson v. United States*, 450 A.2d 432, 436 (D.C.1982) (the government need not negate every possible inference of innocence). Since the trial court's findings are not clearly erroneous, we affirm.

*Affirmed.*

[■]

---

1. The "fee" involved in a prostitution transaction does not have to be in the form of money. *Muse v. United States*, 522 A.2d 888 (D.C.1987) (offer of a gold chain which is of some value, however minimal, suffices).