John E. HUNTER, Appellant,

v.

UNITED STATES, Appellee.

No. 89–1229.

District of Columbia Court of Appeals.

Argued Oct. 25, 1990.
Decided March 26, 1991.

Thomas G. Ross, Riverdale, Md., appointed by this court, for appellant.

Richard L. Chamovitz, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher, Roy W. McLeese, III, and J. Edward Agee, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, BELSON and SCHWELB, Associate Judges.

BELSON, Associate Judge:

Appellant John E. Hunter appeals from the trial court's denial of his motion to vacate sentence and for new trial, D.C. Code § 23–110 (1989), primarily on the ground that he did not voluntarily waive his right to testify at trial. He also contends that he was denied effective assistance of counsel during a critical stage of the proceedings, the seven day period immediately following the jury's verdict during which, unless the period is extended, a motion for new trial must be filed. We affirm.

The trial court conducted a hearing on Hunter's motion in two sessions. At the first session, Hunter testified that he had wished to testify at trial, that he had told defense counsel repeatedly that he wished to testify, and that defense counsel prevented him from doing so. He further testified that he did not know that he could override defense counsel's decision not to call him to the stand. Letters written by Hunter to the trial judge shortly after the jury rendered its verdict, however, belie his

testimony. In the first letter, Hunter explained why he did not testify at his trial:

Now the reasons I didn't testify in my behalf is I was told bye (sic) Counsel, that D.A. would bring up my past record. And once the past was out, we stood no chance at all on winning the case. Now I question counsel judgement on that issue.

Letter from John E. Hunter to Judge Huhn (Jan. 11, 1985) (emphasis added). In the second letter, Hunter similarly stated, "[n]ow at this point I realize I have followed the wrong instruction not to testify." Letter from John E. Hunter to Judge Huhn (Jan. 12, 1985) (emphasis in original).

At the second session of the hearing, Wood, Hunter's trial counsel, testified that he and co-counsel had advised Hunter that it was not in his best interest to testify and that he was "positive that we were all in agreement that Mr. Hunter was not going to testify." Wood further testified that Hunter may have said something about testifying, but that "Hunter never told me I want to take the stand despite your advice, never." At the conclusion of the second session of the hearing, the trial court denied Hunter's motion upon finding that Hunter had knowingly and voluntarily waived his right to testify. We perceive no basis for overturning that ruling.

▮ The Supreme Court has recognized that the right to testify on one's own behalf at a criminal trial is a constitutionally protected right implicit in the Fifth Amendment guarantee against compelled testimony, the Sixth Amendment right to compulsory process, and the Fourteenth Amendment right to an opportunity to be heard in one's own defense. *Rock v. Arkansas,* 483 U.S. 44, 51–53, 107 S.Ct. 2704, 2708–2710, 97 L.Ed.2d 37 (1987); *Boyd v. United States,* 586 A.2d 670, 671–672 (D.C.1991). A defendant may waive the right to testify, like other constitutional rights, as long as it is a knowing and voluntary waiver. *United States v. Bernloehr,* 833 F.2d 749, 751 (8th Cir.1987); *cf. Boykin v. Alabama,* 395 U.S. 238, 242–43, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969) (discussing defendant's waiver of right to trial by jury, right to

confront accusers, and right against self-incrimination); *Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) (discussing defendant's waiver of right to counsel). Whether a defendant has validly waived his or her right to testify will depend on the particular circumstances of each case. *See United States v. Teague,* 908 F.2d 752, 761 (11th Cir.1990); *see also Rogers–Bey v. Lane,* 896 F.2d 279, 283 (7th Cir.) (when counsel's advice not to testify was reasonable and defendant personally chose to follow the advice, defendant's right to testify not violated), *cert. denied,* —— U.S. ——, 111 S.Ct. 93, 112 L.Ed.2d 65 (1990).

▮ The evidence proffered at the hearing supports the trial court's findings that Hunter was aware of his right to testify and that he voluntarily relinquished that right. The trial court noted that this was not the first time that Hunter had been involved in the criminal justice system and that through his prior experience with the criminal justice system he was in fact aware of his right to take the stand to testify in his own defense. In addition, the trial court credited Wood who testified that he had informed Hunter of his right to testify, that he had advised Hunter not to testify, and that Hunter had never told him that he wanted to testify against that advice. The letters written by Hunter further support the trial court's determination.

Appellant contends that his conviction must be reversed because the trial judge failed to engage in a colloquy with him when it became apparent that appellant was not going to testify on his own behalf. In our recent opinion in *Boyd, supra,* a division of this court discussed the desirability of such a colloquy between the trial judge and the defendant. *See Boyd, supra,* at 674–680. We made no holding with respect to whether a trial judge is required to engage, *sua sponte,* in such a colloquy, stating "[w]e need not now decide whether the trial judge had a sua sponte duty to conduct a colloquy." *Id.* at 677. But our opinion went on to state:

"We take this occasion, however, to advise the trial court and the Bar, that

while we do not today hold that the trial court has a *sua sponte* obligation to inquire of a non-testifying defendant before the defendant rests whether the defendant has waived the right to testify, it behooves the trial court to make such an on-the-record inquiry in order to avoid issues on appeal and collateral attacks.

*Id.* at 678 (footnotes omitted).

Although appellant in this case has raised the question of whether the trial judge had a duty to conduct a colloquy with him with respect to whether appellant understood the ramifications of testifying or not, we need not decide whether to adopt the advisory statement in *Boyd* as a holding in this case. Appellant's trial predated the *Boyd* opinion, and the trial judge was therefore unaware of our view that such a colloquy "would best serve all of the interests of all parties in the administration of justice." Even if our expression in *Boyd* had been a holding, we conclude that it would not have had retroactive effect, and thus would not affect the outcome of this appeal. *See People v. Curtis,* 681 P.2d 504, 516–17 (Colo.1984) (en banc) (applying prospectively the decision that such a colloquy should take place, citing *Stovall v. Denno,* 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967)); *State v. Neuman,* 371 S.E.2d 77 (W.Va.1988) (specific requirements of procedures other than the pending appeal); *compare Halliday v. U.S.,* 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) (duty to establish on the record that the defendant effectively waived rights associated with guilty plea held not retroactive) *with McConnell v. Rhay,* 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968) (duty to establish on the record effective waiver of right to counsel at sentencing hearing held retroactive).[1]

Although a holding in *Boyd* that there is a requirement of a colloquy of the type described would not have been retroactive, we must nevertheless heed our conclusion in *Boyd* that "the defendant's right to testify is one of those constitutional rights in which the *Johnson v. Zerbst* [304 U.S. at 464, 58 S.Ct. at 1023] standard must apply in determining whether the defendant has waived that right." *Id.* at 677. Application of the *Johnson v. Zerbst* standard here gives us no pause because we are confident on this record that even in the absence of a colloquy with the judge, Hunter was fully aware of his right to testify in his own behalf and, on advice of counsel, voluntarily decided to relinquish that right. For the foregoing reasons, we reject appellant's primary contention in this appeal that he did not voluntarily waive his right to testify at trial.

■ Finally, we hold that the trial court permissibly concluded that Hunter was not denied effective assistance of counsel during the critical stage in which a motion for new trial could have been filed. The trial court rejected Hunter's allegation that his second counsel was ineffective because he was not familiar with the record of trial and thus he could not file a motion for new trial within the prescribed seven day period. The trial court noted that it had appointed new counsel after receiving several letters from Hunter expressing his dissatisfaction with his trial counsel. As the trial court pointed out, counsel could have requested an extension of the time to file the motion; in any event, the trial court eventually held a hearing at which it considered and rejected the factual basis upon which appellant sought a new trial. We are satisfied that second counsel's initial unfamiliarity with the trial record because of the timing of Hunter's request for new counsel did not give rise to a deficiency in counsel's performance that is "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *see also United States v. Frost,* 502 A.2d 462, 463 (D.C.1985), *cert. denied,* 479 U.S. 836, 107 S.Ct. 134, 93 L.Ed.2d 77 (1986).

1. We express no view on the question whether a defendant whose trial took place after the *Boyd* opinion could successfully appeal his conviction on the ground that the trial judge failed to engage in the colloquy described in *Boyd.*

Accordingly, the judgment of the Superior Court is

*Affirmed.*

ROGERS, Chief Judge, concurring:

I join the majority opinion, and write separately only to point out that this appeal demonstrates the efficacy of the trial colloquy procedure described in *Boyd v. United States*, 586 A.2d 670 (D.C.1991). In the absence of a trial colloquy regarding Hunter's right to testify, the trial judge was required to hold two separate post-trial hearings on Hunter's collateral attack motion. Thereafter the judge had to reconstruct exactly what transpired between Hunter and his counsel at a trial that took place over four years earlier. The trial judge's action here predated our decision in *Boyd*, and I imply no criticism of the trial judge. But if the judge had questioned Hunter on the record before the defense had rested to ensure that he was knowingly waiving his right to testify, "[t]he record [would have been] made in a timely manner, eliminating ... controversies on appeal and in collateral proceedings long after the trial [was] concluded...." *Boyd, supra,* at 679. Thus, the colloquy at trial would have protected Hunter's right to testify, most likely eliminated the attack on defense counsel's assistance and expedited the finality of Hunter's conviction, while at the same time sparing both the trial and appellate courts of a difficult collateral attack issue.[1] In sum, this case is testament to our recognition in *Boyd* that "the colloquy procedure would best serve all of the interests of all parties in the administration of justice." *Id.,* at 680.

---

1. "Post-conviction challenges in Colorado [in which trial judges routinely question non-testifying defendants] have, to all appearances, been relatively easy to adjudicate" both at the trial and the appellate level. *Boyd, supra,* at 679 n. 16 (citing cases).