**Tony KELLY a/k/a Homer Palmer, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 87–840.**

District of Columbia Court of Appeals.

Argued March 20, 1991.
Decided May 10, 1991.

Bradford P. Johnson, for appellant.

Linda Otani McKinney, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Thomas J. Tourish, Jr., Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, and FERREN and BELSON, Associate Judges.

ROGERS, Chief Judge:

Appellant Tony Kelly appeals from his convictions[1] on the principal ground that the trial judge abused his discretion in denying appellant's motion for a new trial because the court denied him the right to testify at trial and his counsel was ineffective because counsel failed to protect appellant's right to testify absent a knowing and intelligent waiver. Finding these contentions unpersuasive, but observing that this appeal further demonstrates the advisability of a trial colloquy to determine whether the defendant wishes to testify, *see Boyd v. United States*, 586 A.2d 670 (1991), we affirm.

I

On July 30, 1986, Ms. Zimmerman and her daughter Simone, who was eight years old at the time of trial, were asleep in their apartment when appellant, Ms. Zimmerman's former boyfriend, began banging on the door, demanding to be let in. When Ms. Zimmerman refused to let him in, appellant began to curse and hit the windows with a hatchet, breaking several of them. The mother and child ran for the back door, but appellant ran to the back door as well, and when Ms. Zimmerman inserted her key into the back door to unlock it, appellant smashed a glass pane in the door, spraying bits of glass onto the mother and child. As the mother and child ran towards the front door, appellant reached through the broken glass, unlocked the door, and pursued them through the apartment, holding the hatchet in his hand.

Neighbors were awakened by the sounds of breaking glass and the mother's cries for help, and called the police. As the police approached, appellant fled, and a neighbor heard him say words to the effect, "I should kill you bitch."

Appellant did not testify at trial. Five days after the jury had returned its guilty verdicts, appellant wrote the first of two motions for a new trial; the second followed two days later. In neither did he allege that he had been denied the right to testify at trial. Three months later, appellant filed a motion pursuant to D.C.Code § 23–110 (1989), but still did not claim that he had been denied his right to testify. Because of appellant's complaints about his trial counsel, the judge appointed new counsel for the hearing on appellant's new trial motion.

At the new trial hearing on July 8, 1987, appellant testified that he had wanted to testify in his own defense at trial. He stated that after the defense had rested, when he realized that no witnesses had been called on his behalf, he had asked his trial counsel whether he was going to testify, and his counsel had told him that he was not. Appellant claimed that he had objected, but thought that he had to obey his counsel on such matters. Appellant's trial counsel, a member of the District of Columbia Public Defender Service, testified that prior to trial he had discussed with appellant whether he should testify at his trial, and had thought that appellant had agreed not to testify based on counsel's advice that appellant would be impeached with his prior convictions and be questioned about a damaging letter in which he had demanded that Ms. Zimmerman drop the charges against him and threatened her with violence if she did not.

The trial judge denied the motion for a new trial on the alternative grounds that trial counsel could waive appellant's right to testify and had done so, and even if appellant alone could waive his right to testify, he had done so. The judge observed that there had been pretrial discussion of the subject between appellant and his trial counsel, appellant was familiar with the criminal justice system, and he had previously demonstrated both knowledge of his rights and an ability to assert them. The judge concluded that appellant

---

**1.** Appellant was convicted by a jury of first-degree burglary while armed, D.C.Code §§ 22–1801, –3202 (1989), assault with intent to kill

while armed, *id.* §§ 22–501, –3202, obstruction of justice, *id.* § 22–703, and violation of the Bail Reform Act, *id.* § 23–1327.

understood prior to trial that a conclusion had been reached that he was not going to testify, and that conclusion was reinforced at the time the defense rested with appellant's assent. In addition, the judge observed that appellant "is not timid about his rights. He's admirably forthright in asserting them, and I believe that if he felt that this decision had been made without his desires and without his cooperation, that he would have spoken up then and there." In particular, the judge noted that appellant had vigorously expressed his dissatisfaction with his various trial counsels' conduct on prior occasions, even when doing so involved interrupting the proceedings and speaking directly to the judge. Because, in contrast to his prior behavior, appellant had raised no complaint regarding his right to testify at trial until after his conviction, the judge found that appellant had waived his right to testify and only changed his mind after the jury convicted him.

## II

■ Appellant, relying on *Boyd, supra,* contends that the trial judge abused his discretion in denying a new trial since trial counsel was ineffective in failing to protect appellant's right to testify at trial and the trial judge denied appellant's right to testify absent a knowing and intelligent waiver. He maintains that defense counsel rested the defense case without conferring with appellant and failed at any time to confer with appellant about his testifying at trial. Further, he contends that the trial judge was aware of appellant's dissatisfaction with his defense counsel and nonetheless failed to protect appellant's constitutional rights by inquiring whether he had knowingly waived his right to testify.

Recently, the court held in *Boyd, supra,* that "the defendant's right to testify in a criminal trial is a fundamental and personal right which can only be waived by the defendant." *Boyd, supra,* 586 A.2d at 674. In discussing how trial judges could safeguard the right to testify, the court stated:

We take this occasion ... to advise the trial court and the Bar, that while we do

not today hold that the trial court has a *sua sponte* obligation to inquire of a non-testifying defendant before the defendant rests whether the defendant has waived the right to testify, it behooves the trial court to make such an on-the-record inquiry in order to avoid issues on appeal and collateral attack.

*Id.* at 678 (footnotes omitted). Appellant's trial occurred prior to our decision in *Boyd,* and in *Hunter v. United States,* 588 A.2d 680 (D.C.1991), the court concluded that even if our expression in *Boyd* regarding the desirability of a colloquy had been a holding, it would not be applied retroactively. *Hunter, supra,* 588 A.2d at 682. Our discussion in *Boyd* regarding the nature of the defendant's right to testify and the merits of a trial colloquy was, of course, not available to the trial judge at the time of trial or at the time he ruled on appellant's motion for a new trial.

The instant case, like *Hunter, supra,* demonstrates the advantages of the trial judge engaging the defendant in a colloquy, before the defense rests, regarding whether or not the defendant wishes to testify at trial. *See Hunter, supra,* 588 A.2d at 683 (Rogers, C.J., concurring). Not only was the trial judge here required to conduct a post-trial evidentiary hearing, but trial counsel had to try to recall discussions with appellant that had occurred prior to trial as well as mid-trial. These discussions lacked the clarity that would have resulted from a colloquy with the judge. Although appellant received a prompt hearing on his motion before the trial judge, the judge was required to evaluate, four months after trial, conflicting testimony about whether appellant's silence at trial indicated that he knowingly and voluntarily waived his right to testify. Had the judge conducted a colloquy before the defense had rested its case, however, the potential for a collateral attack on the proceedings at trial would have been reduced and the need for a post-trial evidentiary hearing would have been eliminated.

The facts of the instant case are similar to those in *Hunter, supra,* where the court stated:

The evidence proffered at the hearing supports the trial court's findings that Hunter was aware of his right to testify and that he voluntarily relinquished that right. The trial court noted that this was not the first time that Hunter had been involved in the criminal justice system and that through his prior experience with the criminal justice system he was in fact aware of his right to take the stand to testify in his own defense. In addition, the trial court credited [appellant's attorney] who testified that he had informed Hunter of his right to testify, that he had advised Hunter not to testify, and that Hunter had never told him that he wanted to testify against that advice. The letters written by Hunter further support the trial court's determination.

*Hunter, supra,* 588 A.2d at 681.

As in *Hunter,* the trial judge found that appellant had prior encounters with the criminal justice system, and consequently was aware of his rights and had demonstrated that he was fully capable of asserting them.[2] In addition, appellant had demonstrated his ability to bypass his trial counsel and speak directly to the judge when he thought his rights and wishes were not being respected, as he did when he believed that his trial counsel had been remiss in failing to call witnesses whose testimony appellant believed would exculpate him. Further, the trial judge credited testimony by trial counsel that prior to trial he had explained to appellant why it was not in his best interest to testify and that appellant had acquiesced in that decision, as he did during trial after the defense rested and appellant asked if he was going to testify.

Appellant has presented no ground on which we could reverse the trial judge's discrediting of appellant's testimony that he had protested to his trial counsel and told counsel that he wanted to speak to the trial judge, and that once his counsel had told him to "forget about it," he concluded that there was nothing else he could say since it was clear counsel was not going to let him testify and he "had to obey what [his counsel] said." *See Nche v. United States,* 526 A.2d 23, 24 (D.C.1987) (trial judge's determination of credibility upheld unless plainly wrong or without evidence to support it). Appellant admitted during his motions testimony that he knew how trials worked, having gone to trial before, that prior to trial and after the government had presented its case-in-chief, he knew his trial counsel did not intend to call him as a witness at trial, and that although he had spoken directly to the judge in the past, he did not argue with his counsel or speak to the judge about his desire to testify.

While appellant's trial counsel, in testifying at the new trial hearing, was careful to make clear that appellant had never affirmatively stated that he did or did not waive his right to testify, there was evidence of a course of conduct, in addition to specific advice from trial counsel, to support the trial judge's finding that appellant had waived his right to testify. *See Boyd, supra,* 586 A.2d at 674–75 (citing *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). The judge found that appellant had discussed the issue with counsel, was familiar with the criminal justice system and had previously demonstrated his ability to assert his rights. Further, the judge found that appellant had been fully advised by counsel prior to trial of the consequences of his testifying and appellant had understood this advice and determined that it was in his best interest not to testify, particularly in light of what trial counsel described as the "devastating" letter (the trial judge noted that it was "a terribly damaging letter" that appellant had written to Teresa threatening her if she continued to press charges against

---

**2.** Indeed, the number of counsel appointed to represent appellant during the pendency of his case demonstrate beyond question that appellant is well versed in making his objections known. In the trial court, appellant was appointed three different attorneys during the pendency of his trial. Prior to the hearing on his motion for new trial he again requested the appointment of new counsel. On appeal, three different attorneys have been appointed to represent appellant, after he again voiced objections about counsel. These circumstances lend weight to the trial judge's observation that appellant was trying to manipulate the system.

him). Given appellant's knowledge of the criminal justice system and his ability to speak on his own behalf, the trial judge could reasonably conclude that appellant's protestations about his desire to testify were afterthoughts once the jury had returned its verdicts against him. Consequently, the judge's finding that appellant had cooperated with trial counsel and accepted his advice not to testify was the equivalent of a finding that appellant had given a *Johnson v. Zerbst* waiver.

Moreover, it is significant that appellant did not complain about not testifying at trial in his *pro se* motions for a new trial which he wrote less than a week after his trial, or his motion to vacate the judgment which he wrote several months later. Such behavior contrasts sharply not only with the behavior of the defendant in *Boyd*, who protested the denial of her right to testify both in a courtroom outburst and at sentencing, *Boyd, supra*, 586 A.2d at 671–72, but also with appellant's own trial conduct, as the trial judge noted. The absence of complaint by appellant in his post-verdict pleadings supports the trial judge's view that appellant may have regretted that he had not testified once the jury returned its verdicts, but he had previously agreed with trial counsel's advice that it was not in his interest to testify.

3. As counsel for appellant confirmed during oral argument, other claims of ineffectiveness of trial counsel are not being pursued on appeal.

4. *See Derrington v. United States*, 488 A.2d 1314, 1339 (D.C.1985), *cert. denied*, 486 U.S. 1009, 108 S.Ct. 1738, 100 L.Ed.2d 201 (1989); *see also Hunter, supra*, 588 A.2d at 682 (*Boyd* not applied retroactively).

5. Viewing the evidence, as we must, in the light most favorable to the government, we conclude that neither of appellant's claims regarding insufficiency of the evidence has merit. *Regalado v. United States*, 572 A.2d 416, 421 n. 11 (D.C. 1990); *Stack v. United States*, 519 A.2d 147, 159–60 (D.C.1986); *Shelton v. United States*, 505 A.2d 767, 769 (D.C.1986); *see also Byrd v. United States*, 388 A.2d 1225, 1229 (D.C.1978). Appellant's contention that the government failed to prove his specific intent to kill is meritless in view of the strong circumstantial evidence of

■ Finally, we find no error by the trial judge in concluding that appellant has failed to meet his burden under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to show that his trial counsel had rendered ineffective assistance of counsel. Appellant's claim of ineffectiveness is simply another aspect of his claim that he was denied the right to testify at trial.[3] The trial judge found that the assistance appellant received from counsel "was exceedingly vigorous by a very qualified attorney, [who] ... was operating under difficult circumstances, both in terms of the weight of the evidence against [appellant] and of the sometimes oblique demands of his client." The judge could properly credit trial counsel's testimony that he had discussed the subject with appellant and provided appellant with good reasons why it would not be in his best interest to testify.

■ Accordingly, finding no abuse of discretion by the trial judge in denying appellant's motion for a new trial,[4] the judgment is affirmed.[5]

BELSON, Associate Judge, concurring in the result.

In *Boyd v. United States*, 586 A.2d 670 (D.C.1991), a divided division of this court advised, but did not hold, that trial judges should engage *sua sponte* in a colloquy with a defendant in a criminal trial when it

his intent. *See Warrick v. United States*, 528 A.2d 438, 442 (D.C.1987); *Shelton, supra*, 505 A.2d at 770; *Bedney v. United States*, 471 A.2d 1022 (D.C.1984). *Logan v. United States*, 483 A.2d 664 (D.C.1984), on which appellant relies not to the contrary; in explaining the differences between specific and general intent the court did not suggest that a reasonable jury could not find on the evidence in the instant case that appellant had a conscious intention to cause the death of either the mother or the child.

Likewise appellant's contention that the government failed to demonstrate that he had formed the intent to commit a felony at the moment he entered the apartment is meritless. *See Shelton, supra*, 505 A.2d at 769. The evidence showed more than mere entry of the apartment without permission; it showed a course of conduct in which appellant broke into the apartment with the intent of assaulting the victims once inside. *See Massey v. United States*, 320 A.2d 296, 299 (D.C.1974).

is indicated to the judge that the defendant intends to forego the right to testify. The purpose of the colloquy would be to determine whether the defendant is making a knowing and intelligent waiver of the right to testify.

I think the question of whether such advice must be given by the trial court is of sufficient importance to be the subject of a holding or other similarly definitive ruling of this court. Because the division that considered the matter in *Boyd* was divided, the matter is probably suitable for en banc consideration in an appropriate case. As resolution of the matter is not significant to the outcome of this appeal, this case does not appear to be an appropriate vehicle for en banc consideration.

Michael P. Colucci, appointed by this court, was on the brief, Washington, D.C., for appellant.

Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas C. Black, Diane M. Munson, and Claudette V. Humphreys, Asst. U.S. Attys., were on the brief, Washington, D.C., for appellee.

Before ROGERS, Chief Judge, TERRY, Associate Judge, and KERN, Senior Judge.

KERN, Senior Judge.