STANDARD INDUSTRIES, INC. *v.* TIGRETT
INDUSTRIES, INC., ET AL.

No. 445. Argued March 2, 1970—Decided April 20, 1970

*I. Walton Bader* argued the cause for petitioner.
With him on the briefs was *Maximilian Bader.*

*Ralph W. Kalish* argued the cause and filed a brief
for respondents.

*Lawrence G. Wallace* argued the cause for the United
States as *amicus curiae* urging reversal. With him on
the brief were *Solicitor General Griswold, Assistant Attorney General McLaren,* and *Richard H. Stern.*

*Sidney Neuman* argued the cause for the American
Patent Law Association as *amicus curiae.* On the brief
were *Frank L. Neuhauser, John F. Witherspoon, Robert
E. LeBlanc, William L. Mathis,* and *Henry Shur.*

PER CURIAM.

The judgments are affirmed by an equally divided
Court.

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS
joins, dissenting.

In this case respondents sued petitioner for payments
alleged to be due under a patent-licensing agreement.
At trial and on appeal petitioner defended primarily on
the ground that its product did not involve any use of
the respondent's patent. Petitioner did not at any time
attack the validity of the patent itself, and apparently
conceded that controlling law prevented it from doing so.
The District Court found that the product did utilize the
patented invention and awarded damages. The Court

of Appeals for the Sixth Circuit affirmed in an opinion delivered May 27, 1969, 411 F. 2d 1218.

On June 16, 1969, this Court decided in *Lear, Inc.* v. *Adkins,* 395 U. S. 653, that a patent licensee could attack the validity of a patent. That case specifically overruled the patent-licensee estoppel doctrine applied in *Automatic Radio Mfg. Co.* v. *Hazeltine Research, Inc.,* 339 U. S. 827 (1950), a doctrine that was the controlling law at all times in the proceedings below. Petitioner now seeks to attack the validity of the patent, but respondents argue that since the issue was never raised below, it cannot now be litigated.

The failure to assert invalidity below cannot, in these circumstances, be deemed a waiver of that defense. The Court has recognized that to be effective a waiver must be "an intentional relinquishment or abandonment of a known right or privilege," *Johnson* v. *Zerbst,* 304 U. S. 458, 464 (1938), and we have frequently allowed parties to raise issues for the first time on appeal when there has been a significant change in the law since the trial. This principle has most often been applied in proceedings relating to criminal prosecutions,[1] but it has also been invoked in purely civil cases.[2] The principle has not been limited to constitutional issues, and the Court has permitted consideration on appeal of statutory arguments not presented below.[3] In deciding whether such

---

[1] See *White* v. *Maryland,* 373 U. S. 59 (1963); cf. *McConnell* v. *Rhay,* 393 U. S. 2 (1968); *Tehan* v. *Shott,* 382 U. S. 406 (1966); *Linkletter* v. *Walker,* 381 U. S. 618, 622–629 (1965); *Griffin* v. *California,* 380 U. S. 609 (1965).

[2] *Curtis Publishing Co.* v. *Butts,* 388 U. S. 130, 142–145 (opinion of HARLAN, J.), 172 n. 1 (separate opinion of BRENNAN, J.) (1967); *Rosenblatt* v. *Baer,* 383 U. S. 75 (1966); *Uebersee Finanz-Korp.* v. *McGrath,* 343 U. S. 205, 213 (1952); *Hormel* v. *Helvering,* 312 U. S. 552, 556–557 (1941).

[3] In *Hormel* v. *Helvering, supra,* the Court allowed the Commissioner of Internal Revenue to rely on § 22 (a) of the Revenue Act

new arguments can be considered, we have primarily considered three factors: first, whether there has been a material change in the law; second, whether assertion of the issue earlier would have been futile; and third, whether an important public interest is served by allowing consideration of the issue. It is clear to me that all these criteria are met in this case.

Undoubtedly our decision in *Lear* was a major change in the field of patent law. The Court implicitly recognized this fact by overruling the estoppel holding in *Automatic Radio.* It is also clear that the trial court was satisfied that applicable law precluded the assertion of invalidity by patent licensees [4] and thus earlier argument on the point would have been futile. Finally, and most importantly, an overriding public interest would be served by allowing petitioner to challenge the validity of this patent. Last Term we unanimously held that "the public's interest in the elimination of specious patents would be significantly prejudiced if the retroactive effect of [*Lear*] were limited in any way." *Lear, supra,* at 674 n. 19. I do not understand how today's decision can be reconciled with that statement. Although analytically this case may present a question of waiver and not retroactivity, the public interest that the Court felt required full retroactivity in *Lear* is an equally compelling reason for allowing petitioner's attack now in spite of the concessions below. I would vacate the judgments below and remand the case to the District Court for a determination of the validity of the patent in issue.

---

of 1934 although his argument before the Board of Tax Appeals had rested solely on §§ 166 and 167. We did so because of the intervening decision in *Helvering* v. *Clifford,* 309 U. S. 331 (1940).

[4] App. 52a, 129a–3.