JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Thomas Hall, appeals the trial court's sentence. This is defendant's second appearance before this court in this case;[1] his conviction was affirmed in the first appeal, but this court noted, sua sponte, that the trial court failed to state its reasons or give its findings to support making the sentence here consecutive to a sentence imposed on defendant in a previous case.[2] The case was then remanded solely for the purpose of resentencing. On remand, the court resentenced defendant and that sentence is the subject of this appeal. Defendant states two assignments of error. We begin with the second assignment of error, which is clearly dispositive:
II. THE TRIAL COURT ERRED BY ORDERING APPELLANT TO SERVE A CONSECUTIVE SENTENCE WITHOUT MAKING THE APPROPRIATE FINDINGS REQUIRED BY R.C. 2929.14(E)(4).
 {¶ 2} Defendant states that the trial court failed to make the necessary findings to support the imposition of consecutive sentences. The state concedes that defendant's claim is correct and that the case should be remanded to the trial court for resentencing.
 {¶ 3} R.C. 2929.14(E)(4)(a)(b)(c) states explicit requirements for findings the trial court must make before it can impose consecutive sentences. First, the trial court must find that the consecutive sentences are necessary either to protect the public from future harm or to punish the offender. It also must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and also to the danger the offender presents to the public and that one of three conditions apply: (1) the multiple offenses were committed while defendant was on probation or parole, or on post-release control, or while defendant was awaiting sentencing, (2) the harm caused was so great that no single term would adequately reflect the offender's conduct, or (3) the offender's criminal history shows consecutive sentences are necessary to protect the public from future crime.
 {¶ 4} Here, the court failed to find that consecutive sentences were not disproportionate to defendant's conduct. It also did not make a separate finding that consecutive sentences were necessary either to protect the public from future harm or to punish the offender. Accordingly, this assignment of error has merit.
 {¶ 5} For his first assignment of error, defendant states:
I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MORE THAN THE MINIMUM PRISON SENTENCE WHEN HE HAD NOT PREVIOUSLY SERVED A PRISON TERM.
 {¶ 6} Defendant argues that the trial court erred in sentencing him to more than the minimum prison term even though he had not previously served a prison term. More specifically, defendant argues that the United States Supreme Court's ruling inBlakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531
precludes the trial court from sentencing him to more than the minimum sentence if the court relies on facts not presented to the jury.
 {¶ 7} The state argues, on the other hand, that defendant waived his right to raise the issue of the non-minimum sentence, because he did not raise it in his first appeal.[3] The state is correct in pointing out that a party may not raise a new issue on a second appeal of the same matter because the issue becomes res judicata after the first appeal. Grava v. ParkmanTwp. (1995), 73 Ohio St.3d 379, 381. The Supreme Court held that "`the doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it.'" Id. at 382, quoting Natl. Amusements, Inc.v. Springdale (1990), 53 Ohio St.3d 60, 62.
 {¶ 8} In the case at bar, however, this court vacated the original sentence and the trial court subsequently held an entirely new sentencing hearing. As this court has noted: "The court of appeals does not have the power to vacate just a portion of a sentence. * * * Therefore, when a case is remanded for resentencing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding complete with all applicable procedures." State v.Gray, Cuyahoga App. No. 81474, 2003-Ohio-436 ¶ 12, citations omitted. In the case at bar, defendant could not have waived an appeal of this new independent proceeding in his first appeal.
 {¶ 9} Moreover, the United States Supreme Court did not issue its decision in Blakely until 2004, therefore, defendant could raise the constitutional question as long as this case is still alive. Standard Industries, Inc. v. Tigrett Industries, Inc.
(1970), 397 U.S. 586, 591 ("we have frequently allowed parties to raise issues for the first time on appeal when there has been a significant change in the law since the trial. This principle has most often been applied in proceedings relating to criminal prosecutions, but it has also been invoked in purely civil cases. The principle has not been limited to constitutional issues, and the Court has permitted consideration on appeal of statutory arguments not presented below * * *.")
 {¶ 10} We do not need to address the Constitutional question, however, because the case is being remanded on other grounds. See Assignment of Error One. As the Supreme Court of Ohio has clarified: "Constitutional questions will not be decided until the necessity for their decision arises." State ex rel. Lieux v.Westlake (1951), 154 Ohio St. 412 paragraph one of the syllabus.
 {¶ 11} Accordingly, the sentence is vacated and the case remanded for resentencing.
This cause is vacated and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O. Calabrese, Jr., J., Concurs.
 Dyke, P.J., Concurs in judgment only.
[1] "He was convicted of guilty of two counts of aggravated burglary, two counts of aggravated robbery, one count of attempted murder, two counts of felonious assault, three counts of kidnapping, all with one- and three-year firearm specifications, and one count of having a weapon while under a disability." State v. Hall, Cuyahoga App. No. 83361, 2004 Ohio 5963 p 1, footnotes omitted.
"Hall was sentenced to prison terms of eight years each for the counts of attempted murder, aggravated burglary, aggravated robbery, and kidnapping, concurrent with six-year prison terms for the counts of felonious assault and having a weapon under a disability." The trial court "merged the firearm specifications and imposed a single three-year prison term for the firearm specifications, consecutive to the combined eight-year prison term for the predicate offenses." Id. p 13.
[2] In his first appeal, this court explained: "Although Hall has not challenged his sentence, we note, sua sponte, that the judge imposed the sentence in this case consecutive to a sentence previously imposed on him in Case No. CR-409107. The judge failed, however, to state any findings or reasons for imposing the sentences consecutively. We find this omission plain error that we can recognize on appeal and, therefore, we vacate the sentence and remand for resentencing." State v. Hall, Cuyahoga App. No. 83361, 2004-Ohio-5963 ¶ 32, footnote omitted.
[3] Defendant's conviction was affirmed on his first appeal. This court remanded for resentencing only.