{¶ 1} Defendant-appellant, Thomas Hall ("Hall"), appeals his sentence imposed in March 2006. Finding that the Ohio Supreme Court recently reversed our prior decision, we vacate the sentence and remand for resentencing consistent with the Court's mandate.
 {¶ 2} In 2003, Hall was charged with two counts of aggravated burglary, two counts of felonious assault, three counts of kidnapping, two counts of aggravated robbery, and one count of attempted murder, all with firearm specifications. Hall was also charged with having weapons while under disability. The matter proceeded to a bench trial, at which Hall was found guilty of all charges. The court sentenced him to three years on the firearm specifications consecutive to an aggregate eight years in prison for the aggravated burglary, aggravated robbery, attempted murder, and kidnapping, and six years in prison for the felonious assault and weapons under disability charges. The sentences were to run concurrent to each other, but consecutive to an unrelated criminal case.
 {¶ 3} In August 2003, Hall appealed his conviction, claiming he was prejudiced by the State's failure to disclose exculpatory evidence and that the verdict was against the manifest weight of evidence. We affirmed the conviction, but sua sponte vacated the sentence and remanded for resentencing because the trial court failed to state its findings and reasons for imposing consecutive sentences. See State v.Hall, Cuyahoga App. No. 83361, 2004-Ohio-5963. In December 2004, Hall was resentenced. The trial judge imposed the same sentence and found that Hall's criminal history along with the facts of the case supported a finding that a concurrent sentence would demean the seriousness of his conduct and not adequately protect the public.
 {¶ 4} In 2005, Hall appealed again, arguing that the trial court erred in sentencing him to more than the minimum sentence when he had not previously served a prison term and that the trial court failed to make the findings required by R.C. 2929.14(E) to impose a consecutive sentence. We vacated Hall's sentence and remanded for resentencing, stating that "the [trial] court failed to find that consecutive sentences were not disproportionate to defendant's conduct. It also did not make a separate finding that consecutive sentences were necessary either to protect the public from future harm or to punish the offender." See State v. Hall, Cuyahoga App. No. 85861, 2006-Ohio-89.
 {¶ 5} However, the State appealed our decision and, on July 12, 2006, the Ohio Supreme Court accepted the State's appeal, reversed our judgment, and remanded for resentencing based on State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, and State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824. See In re Ohio CriminalSentencing Statutes Cases, 109 Ohio St.3d 518, 2006-Ohio-3254, _3.
 {¶ 6} Therefore, the trial court's resentencing in March 2006 is of no effect, and we cannot consider the arguments Hall raises related to that sentence. In accordance with the Supreme Court's mandate, we must vacate the March 2006 sentence and remand for resentencing. Sentence vacated and case remanded for resentencing.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J. and ANN DYKE, J. CONCUR.