*451 ROGERS, J., delivered the opinion of the court, in which BOGGS, C. J., BATCHELDER, GILMAN, GIBBONS, COOK, McKEAGUE, and GRIFFIN, JJ., joined. MARTIN, J. (pp. 451-58), delivered a separate dissenting opinion, in which DAUGHTREY, MOORE, COLE, and CLAY, JJ., joined.
OPINION
ROGERS, Circuit Judge.
The issue in this case is whether the rule of criminal procedure recently articulated by the' Supreme Court in Halbert v. Michigan, 545 U.S. 605, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005), applies retroactively to cases on collateral habeas corpus review. In Halbert, the Court held that the Equal Protection and Due Process clauses require the appointment of counsel for indigent defendants seeking first-tier review of plea-based convictions in the Michigan Court of Appeals, even when such appeals are discretionary rather than as of right. Id. at 609-10, 125 S.Ct. 2582. Because petitioner Patrick Simmons’s state conviction was final when the Court decided Halbert, Halbert’s, applicability to the instant action is governed by Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 108 L.Ed.2d 334 (1988). Under Teague, a “new rule” of criminal procedure does not apply retroactively to cases proceeding on collateral habeas review unless the rule either decriminalizes a class of conduct or is a “watershed” rule that implicates the fundamental fairness and accuracy of a criminal proceeding. Saffle v. Parks, 494 U.S. 484, 494-95, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990) (citing Teague, 489 U.S. at 311, 109 S.Ct. 1060). A majority of the original panel in this case concluded that Halbert simply involved the application of an existing rule and thus, consistent with Teague, Halbert has retroactive effect. Simmons v. Rapture, 474 F.3d 869 (6th Cir.2007). We granted rehearing en banc and vacated the prior panel’s decision.
Supreme Court precedent compels the conclusion that Teague bars the retroactive application of Halbert on collateral review. In short, Halbert announced a “new rule,” and that new rule neither decriminalizes a class of conduct nor is a “watershed” rule. The legal analysis in support of these conclusions — which fully addresses the arguments presented in the en banc dissent — is thoroughly set forth in the panel dissenting opinion of District Judge Reeves, sitting by designation, and no purpose would be served by recapitulating it. We incorporate that analysis here. See id. at 879-88 (Reeves, J., dissenting). Because Halbert is inapplicable to this case under Teague, we need not address the warden’s contention that, in any event, the language of 28 U.S.C. § 2254(d)(1) forbids reliance on a new rule that is sought to be applied retroactively.
The panel did not reach petitioner’s additional claims that his plea was not knowing and voluntary, and that his trial counsel provided ineffective assistance. We return those claims to the panel for review and decision.